IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 26, 2021 Session

**STATE OF TENNESSEE v. JAMES D. DUNCAN**

**Appeal from the Circuit Court for Anderson County**
**No. B8C00515      Donald R. Elledge, Judge**

_____

**No. E2020-00827-CCA-R3-CD**

_____

The Defendant-Appellant, James D. Duncan, pleaded guilty to possession of methamphetamine for resale and was give a suspended sentence of ten years on supervised probation. The trial court later revoked the Defendant's probation following the issuance of a violation of probation warrant and a revocation hearing. The Defendant now argues on appeal that the trial court should have sua sponte recused itself due to comments made during the probation revocation hearing. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Matthew Tuck, Oak Ridge, Tennessee, for the Defendant-Appellant, James D. Duncan.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; and Dave S. Clark, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On January 14, 2019, the Defendant pleaded guilty to possession of methamphetamine for resale. The trial court imposed a ten-year suspended sentence to be served on supervised probation. On June 24, 2019, a violation of probation warrant was issued. On January 27, 2020, the trial court held a revocation of probation hearing.

Richard Hall, the Defendant's previous probation officer, testified at the hearing. Hall testified that the violation of probation affidavit included infractions committed by the Defendant for failing to show any proof of lawful employment to his probation officer,

failing to report a change in his address to his probation officer, and failure to conduct the required monthly reporting to his probation officer. Hall also stated that the Defendant owed supervision fees, other fines, and court costs. The Defendant also failed to "observe the special condition of attaining drug and alcohol assessments." On cross-examination, Hall stated that the Defendant "very would could have" informed him that he had a disability that prevented him from working, but that the Defendant was required to provide "documentation that says they are . . . not able to work[,]" of which his intake officer would have informed him. He agreed that the June 24 violation of probation warrant was the first that was issued for the Defendant.

The Defendant testified that he had "a problem with [his] back" that rendered him unable to work and had informed Hall as such. He explained that he was unsure if he qualified for disability. He stated that his driver's license and vehicle had been confiscated, and he requested his probation be transferred to Roane County, where he lived. He and his wife moved to a different residence, which he mistakenly believed was in Roane County but was actually located in Morgan County. He was arrested in Morgan County in July 2019. The Defendant affirmed that he was asking the trial court to reinstate his probation and that he completed the Anderson County Drug Court in "2016 or [20]17." He explained that his wife now possessed a vehicle, that he was willing to get drug and alcohol treatment, that he had applied for disability, and that he was studying to get his GED in jail.

On cross-examination, the Defendant testified that he had been "arrested in Oliver Springs" for missing a court date and affirmed that he had not paid any fines or court costs. He agreed that he had "tried but ha[d]n't been successful" in complying with his current probation requirements.

Following the close of all proof, the trial court found that the Defendant had violated the conditions of his probation by failing to show proof of lawful employment, failing to inform his probation officer before changing his address, failing to report to his probation officer, failing to pay his restitution fees, and failing to obtain alcohol and drug assessment. The trial court ultimately revoked the Defendant's probation, noting that he had "failed to comply with the terms and conditions of probation." On June 12, 2020, the Defendant filed a pro se "motion to appeal." On July 26, 2020, the Defendant filed a request for appointment of counsel with this court, and this court denied the request but ordered the trial court to review the request. The trial court ultimately appointed counsel on August 3, 2020. The Defendant filed a motion to late-file his appeal on January 8, 2021, which this court granted on January 22, 2021.

## ANALYSIS

- 2 -

The Defendant contends for the first time on appeal that the trial court should have sua sponte recused itself from his probation revocation hearing because the trial court was "somehow prejudiced against him due to his past successes but more recent failures." The Defendant elaborates that this assertion is evidenced by the trial court's "repeatedly referenc[ing] his prior Drug Court participation" in its findings. The State responds that the Defendant has waived this issue by failing to "raise it in a timely motion to recuse." The State further argues that even if the issue were not waived, the Defendant has "failed to show the trial court was unfairly biased against him." We agree with the State.

The Tennessee Supreme Court has stated, "[w]hether a judge should recuse herself or himself from a legal proceeding rests within the sound discretion of the judge." State v. Cannon, 254 S.W.3d 287, 307 (Tenn. 2008) (citations omitted). An objective test is applied to determine if recusal is proper because the appearance of bias is just as injurious to the integrity of the courts as actual bias. Id. Therefore, recusal is warranted (1) if a judge has any doubt concerning his or her ability to preside over a case impartially or neutrally, or (2) when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality. Id. However, "[n]ot every bias, partiality, or prejudice merits recusal. To disqualify, prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from ... participation in the case." Alley v. State, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994) (internal citations omitted). Additionally, adverse rulings are rarely sufficient grounds to establish bias. Id. This Court will not interfere with the trial court's decision on appeal unless the record clearly shows an abuse of discretion. Cannon, 254 S.W.3d at 307. Our supreme court has recently explained that

> In some circumstances, however, judges have an obligation to recuse themselves even if litigants do not file recusal motions. Tenn. Sup. Ct. R. 10, R.J.C. 2.11, cmt. 2 ("A judge is obligated not to hear or decide matters in which disqualification is required, even though a motion to disqualify is not filed."). Rule of Judicial Conduct 2.11(A) enumerates six specific circumstances in which recusal is required, even if a motion for recusal is not filed. Tenn. Sup. Ct. R. 10, R.J.C. 2.11(A)(1)-(6). But the six listed circumstances are illustrative not exclusive, and "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Tenn. Sup. Ct. R. 10, R.J.C. 2.11(A) (emphases added).

Cook v. State, 606 S.W.3d 247, 254 (Tenn. 2020).

We note that the Defendant never filed a motion to recuse, as conceded in his appellate brief. "A motion for recusal should be filed when the facts forming the basis of that motion become known." Bean v. Bailey, 280 S.W.3d 798, 803 (Tenn. 2009) (citing Davis v. Tenn. Dep't of Employment Sec., 23 S.W.3d 304, 313 (Tenn. Ct. App.1999)). Furthermore, a defendant's failure to file a motion to recuse in a timely manner may result in a waiver of his or her complaint about the judge's impartiality. Id. Because of the Defendant's failure to file a motion for recusal, we deem this issue waived.

The Defendant relies on Cook, 606 S.W.3d at 247, for the assertion that the trial judge should have recused himself sua sponte despite the Defendant's failure to file a motion for recusal. The Defendant specifically alleges that the following statements made by the trial court demonstrate its bias against him:

> He knew where the probation officer was because, the Court would find as he testified to, he was a participant . . . he testified to this in examination questioned by his counsel. That he was in drug court. He knew where probation was. He knew that he had to follow the terms and conditions because, candidly, he very successfully completed Anderson County Drug Court. The Court would further find that by his testimony it was either in 2016 or [20]17 that he graduated.
>
> . . . .
>
> There is no question that [the Defendant], the Court dealt with [the Defendant], as I said, and has been brought out today, he was in drug court and he did very well. But when you, either the same year or a year later, get out of drug court and you violate again and you know what you are supposed to do, you know where your probation officers are, obviously, he had prior felony convictions or he wouldn't have been in drug court.
>
> . . . .
>
> The Court would find that [the Defendant] has in the past and was successful in the past on probation.
>
> . . . .
>
> He has been given chances before. And I will revoke your probation.

- 4 -

Waiver notwithstanding, the Defendant has failed to demonstrate how the trial court was unfairly biased. Despite the Defendant's likening the above-quoted statements made by the trial court to those made in Cook, the two cases are easily distinguishable. In Cook, the post-conviction court stated that it was "almost absolutely laughable" that the petitioner was alleging ineffective assistance of counsel against his trial attorneys. Cook, 606 S.W.3d at 251. The post-conviction court went on to call the petitioner's trial attorneys "[t]wo of the most preeminent lawyers in the Untied States of America" and equated their performance at trial to a "game" and the petitioner's post-conviction counsel to a "Monday morning quarterback . . . evaluating their performance in hindsight." Id. at 252, 253. Our supreme court called these statements "egregious" and remanded for a new post-conviction hearing, concluding that "the post-conviction judge should have recused himself because his impartiality might reasonably be questioned based on these inappropriate comments." Id. at 257.

In the instant case, we cannot conclude that a person of ordinary prudence, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality. See Cannon, 254 S.W.3d at 307. The Defendant testified that he was successfully able to complete drug court. The trial court referenced this testimony in the context of the Defendant's current failure to abide by the terms of his probation. There is no indication in the record that the trial judge participated in the Defendant's previous involvement in drug court. The Defendant asserts that his "prior accomplishments [with drug court] were praised by the Court" and "then used against him in revoking his probation[.]" From our review of the record, it appears that the trial court only referenced the Defendant's successful completion of drug court to demonstrate that despite the Defendant's testimony that he was unsure of which county he lived in and therefore which county he was supposed to be supervised in, he was previously able to successfully report to his probation officer. If anything, the trial court seemed to praise the Defendant's successful completion of drug court, not "use[ it] against him[.]" The Defendant himself states in his appellate brief that "the repeated praise from the Court regarding [the Defendant's] prior success could easily be construed by a reasonable person as the Court having a bias towards the Defendant." We are unable to see how the same comments could be construed by a reasonable person as showing unfair bias both towards and against the Defendant. The Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

- 5 -